IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-CR-16-BO-1
No. 5:16-CV-778-BO

| | |
|---|---|
| JUSTIN HAWKINS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 143]. The government has moved to dismiss the petition, [DE 149], petitioner has responded, [DE 152], and the matter is ripe for disposition. For the reasons discussed below, petitioner's motion is found to be timely and the government is directed to respond to the merits of petitioner's motion.

## BACKGROUND

On April 21, 1998, petitioner pleaded guilty, pursuant to a written plea agreement, to employment of use of a person under the age of 18 to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 861 and 841. [DE 14]. On September 24, 1998, the Court sentenced petitioner to 292 months' imprisonment and 10 years' supervised release. [DE 23]. On June 21, 2016, the United States Court of Appeals for the Fourth Circuit authorized petitioner to file a second or successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). [DE 139].

On August 29, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 143]. Petitioner argues that, in light of *Johnson*, he is no longer a career offender. [DE 143 at 4]. The government responded by filing a motion to dismiss, arguing that petitioner's motion is not

timely. [DE 150].

DISCUSSION

A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

In *Johnson v. United States*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

The Supreme Court decided *Johnson v. United States* on June 26, 2015, and, accordingly, the date by which a petitioner was required to file a § 2255 motion asserting relief under that decision was June 26, 2016. The United States Court of Appeals for the Fourth Circuit authorized petitioner to file a second or successive § 2255 motion based on *Johnson* on June 21,

2

2016. [DE 139]. Because petitioner did not then file the instant § 2255 motion until August 29, [DE 143], the government has moved to dismiss.

However, equitable tolling is available to toll the limitations period in this context. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may avail himself of equitable tolling if he establishes that he has been reasonably diligent in pursuing his rights but extraordinary circumstances beyond his control made it impossible for him to file the motion on time. *Id.* at 2562.

Petitioner was not granted leave by the Fourth Circuit to file this successive § 2255 motion until June 21, 2016, just five days before the one-year deadline expired on June 26, 2016. Moreover, in his response, petitioner demonstrated that he was sufficiently diligent in pursuing his rights. Petitioner submitted a letter from a deputy clerk at the Fourth Circuit which indicates that, upon approval of petitioner's § 2244 motion for authorization to file a second or successive § 2255 motion on June 21, the Fourth Circuit forwarded petitioner's attached § 2255 motion to this Court. [DE 152-1]. Petitioner also contacted the Federal Public Defender's Office, the Fourth Circuit Clerk [DE 152-1], and the Clerk's office for the District Court for Eastern District of North Carolina [DE 140] to ask for assistance with the next step in filing his motion with this Court. [DE 152]. While there is no docket entry in this matter indicating receipt of that attached § 2255 motion the Fourth Circuit forwarded to this Court, and while petitioner did not file this motion himself until August 29, the Court finds that these circumstances merit equitable tolling of the one-year deadline. Accordingly, petitioner's motion will be deemed timely filed.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 143] is deemed timely filed and the government is therefore DIRECTED to

3

respond to the merits of petitioner's motion within thirty (30) days of the filing of this order.

SO ORDERED, this 21 day of April, 2017.

                                        *Terrence W. Boyle*
                                        TERRENCE W. BOYLE
                                        UNITED STATES DISTRICT JUDGE